UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


Roger Kirk,                              )
                                         )
              Plaintiff,                 )
                                         )
       v.                                )   No. 06 C 2169
                                         )
National Railroad Passenger Corporation, )
                                         )
                                         )
                                         )
              Defendant.                 )
                                         )


## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge

Plaintiff, Roger Kirk, sued his employer, the National Railroad Passenger Corporation, under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. (Compl. at ¶ 3.) Before us is Defendant's motion for summary judgment. For the reasons set forth below, we grant the motion.

### BACKGROUND AND DISCUSSION

Defendant has employed Plaintiff as a railroad "carman" since July, 1976. (Pl. Resp. at ¶¶ 6, 8.) Plaintiff's duties center around the inspection and routine maintenance of railway cars, which requires extensive walking. (Pl. Supporting Memorandum at p.2.) In or around the fall of 2004, Plaintiff began to experience foot pain and contacted his family physician, Dr. Lloyd

1

Blakeman. (*Id.*) Dr. Blakeman referred Plaintiff to a specialist, Dr. Michael Byrnes, who diagnosed him with a right foot hallux abducto valgus bunion ("bunion"). (*Id.*) Shortly thereafter, Plaintiff underwent a "bunionectomy with screw and pin fixation" to treat his bunion. (*Id.*) Plaintiff now alleges that Defendant negligently exposed his feet to "excessive and harmful cumulative trauma" arising from his "climbing in and out of rail cars and walking on uneven or unlevel ballast." (Compl. at ¶ 8.) He further contends that this trauma "caused, contributed to and/or aggravated" his bunion, leading to "permanent injury and disability." (*Id.* at ¶¶ 11, 16.)

Plaintiff has failed to offer evidence supporting causation and negligence. In his opposition, Plaintiff points to only two supporting materials: a letter written by his family physician, Dr. Blakeman, and Plaintiff's own deposition testimony. But Dr. Blakeman's statements are not set forth in a sworn affidavit. *See* Fed. R. Civ. P. 56(c). Further, Plaintiff has failed to establish Dr. Blakeman's competency to testify on matters of orthopedic surgery or podiatry. To the contrary, Dr. Blakeman states in the letter that he is "unable to be of any great help on this matter." (Letter of Dr. Blakeman, Pl. Ex. C.) Moreover, even setting aside those deficiencies, it is unclear why Plaintiff would want to call attention to the letter in the first place, let alone rely upon it. In relevant part, Dr. Blakeman states that:

> "I have discussed this case with [Plaintiff's] surgeon . . . . He does not believe that [Plaintiff's bunion] was caused by his employment as a car mechanic/welder. I share his opinion. While it may be possible that his occupation aggravated his bunion, I cannot say it was caused by his occupation.
>
> I believe [Plaintiff] is mistaken as to [his bunion's] cause and affect [sic]; namely, that work caused his bunion and that he had to have surgery to relieve his condition. It is my understanding that bunions are a congenital defect. . . . . I, therefore, cannot say with medical certainty that his bunion was caused by his stated employment, although, it may have been injured in the course of his employment."

2

Plaintiff points us to Dr. Blakeman's statement that it is "possible" that Plaintiff's bunion may have been injured or aggravated by his employment as evidence of causation. But Dr. Blakeman simply noted a mere possibility, while affirmatively stating his opinion that Plaintiff's occupation did not cause the bunion itself. Thus, even if Dr. Blakeman's letter was proper evidence for purposes of a motion for summary judgment, it is of no help to Plaintiff. Accordingly, Plaintiff's arguments rest entirely upon his own deposition testimony. However, we have no reason to conclude that Plaintiff is qualified to testify on issues such as causation and negligence here and, even if we did, his testimony would nonetheless be insufficient.

As to negligence, Plaintiff argues that his "deposition testimony, when read in its entirety, evidences that [Defendant] was negligent for failing to provide its employees with adequate walking surfaces." (Pl. Resp. at ¶ 9.) In his deposition, Plaintiff recalls that he "heard people complain about" the ballast and that it was "hard on [his] feet." (Pl. Supporting Memorandum p.6.) However, Plaintiff admitted that he has no idea why ballast is used in lieu of another material, to say nothing of the relative health or safety implications of using different materials. (*Id.*) Similarly, as to causation, Plaintiff summarily concludes that he "wouldn't have had to have foot surgery" if he was not required to walk on the ballast, yet offers no further explanation. (*Id.*) In short, even disregarding Plaintiff's lack of qualification to testify on these issues, he offers nothing more than his conclusory, lay opinions. *Cf. Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1061-62 (7th Cir. 2000). Accordingly, we grant Defendant's motion.

## CONCLUSION

For the reasons set forth above, we grant Defendant National Railroad Passenger Corporation's motion for summary judgment. It is so ordered.

Dated: 6/25/07

Honorable Marvin E. Aspen
U.S. District Court Judge